**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **PEDRO ALEXANDER BELTRAN SANCHEZ,** | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **Case No. CIV-26-2103-SLP** |
| **WARDEN, DIAMONDBACK CORRECTIONAL FACILITY, et al.,** | ) | |
| **Respondents.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Pedro Alexander Beltran Sanchez, a noncitizen proceeding pro se,[1] seeks a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1.[2] Chief United States District Judge Scott L. Palk referred the matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. §

[1] This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)). This Court construes "[a] pro se litigant's pleadings . . . liberally," holding them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

636(b)(1)(B), (C). Doc. 6. Respondents filed a response, Doc. 11,[3] and the time for Petitioner to reply has expired. So, the matter is at issue.

For the reasons set forth below, the undersigned recommends the Court grant the habeas petition in part and order Respondents to provide Petitioner with an individualized bond hearing within ten days or otherwise release him from custody.

## I. Factual background and procedural history.

Petitioner is a native and citizen of Venezuela who entered the United States on October 31, 2022. Doc. 1, at 2. Petitioner was paroled into the country through the Customs and Border Patrol (CBP) One program, under 8 U.S.C. § 1182(d)(5)(A). *Id.*; Doc. 11, at 3-4. His parole lasted until October 30, 2023, and apparently expired. Doc. 11, at 3. Petitioner applied for asylum and was granted work authorization in connection with his pending application.[4] Doc. 1, at 3.

Petitioner was detained by Immigration and Customs Enforcement

---

[3] The Warden of the Diamondback Correctional Facility, Fred Figueroa, is not a federal official and the Government did not file its response on his behalf. Doc. 11, at 1.

[4] At the time Petitioner filed his petition, his removal proceedings were ongoing. Doc. 1, at 1. They have since terminated. *See* EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/caseInformation (last visited Sept. 30, 2026). The time for Petitioner to appeal has not yet lapsed, so his removal order is not final. *Id.*; 8 C.F.R. § 1241.1(c) (an order of removal is not administratively final until time allotted for an appeal lapses).

(ICE) on June 30, 2026 as he left his home to go to work. *Id*. He remains detained at the Diamondback Correctional Facility in Watonga, Oklahoma. *Id*.

Petitioner argues his detention violates his Fifth Amendment due process rights because he has not received an individualized custody determination. *Id*. at 4-5. He requests immediate release, or, in the alternative, an individualized hearing before this Court with the burden on the government to show danger or flight risk, and a declaration that Petitioner's detention violates due process. *Id*. at 5.

## II. Standard of review.

An application for a writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas corpus relief is warranted only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis,* 533 U.S. 678, 687-88 (2001)).

## III. Discussion.

### A. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b).

Respondents argue that Petitioner is subject to mandatory detention without a bond hearing under Section 1225(b) because "[h]is parole expired, so his status is that of an arriving alien and applicant for admission who may be detained." Doc. 11, at 7. However, courts in this District have repeatedly rejected this argument. *See Drozdov v. Lyons*, Case No. CIV-26-365-SLP, 2026 WL 1470929, at *2 (W.D. Okla. May 26, 2026) (finding that revocation of parole "does not render a noncitizen in Petitioner's circumstances subject to detention under § 1225(b)(1)."); *Zhakonov v. Grant*, Case No. CIV-26-350-J, 2026 WL 1865418, at *3 (W.D. Okla. Jun. 29, 2026) (finding that where "Petitioner was paroled into the United States, permitted to reside in the interior of the country for several years, pursued his asylum application, and complied with the conditions of his release before being re-detained" "Petitioner's detention is more naturally characterized as detention 'pending a decision on whether the alien is to be removed from the United States' within the meaning of § 1226(a)."); *Aitiev v. Gantt*, Case No. CIV-26-997-R, 2026 WL 2125893, at *2 (W.D. Okla. Jul. 23, 2026) (collecting cases).

"[T]his Court has previously construed 8 U.S.C. § 1225(b)(2)(A) as unambiguously requiring that an 'applicant for admission' also be 'seeking admission' for the section to control." *Munoz v. Grant*, No. CIV-26-544-D, 2026 WL 1078862, at *1 (W.D. Okla. Apr. 20, 2026). "This conclusion is in accord with *Santillan Quiroz* [*v. Mullin*, 180 F.4th 1226 (10th Cir. 2026)], in which

the Tenth Circuit held that '§ 1225(b)(2)(A)'s application is limited to the border.'" *Ramos Perez v. Grant*, No. CIV-26-721-D, 2026 WL 2033144, at *1 (W.D. Okla. July 14, 2026) (quoting *Santillan Quiroz*, 180 F.4th at 1240); *see Santillan Quiroz*, 180 F.4th at 1237 ("[N]oncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A).").

Petitioner lived in the U.S. for nearly three years after his parole expired and was re-detained in the interior of the country. Doc. 11, at 3; Doc. 1, at 3. Since Petitioner was not "seeking admission" at the border when ICE re-detained him, he "does not fall into the mandatory detention provision of § 1225(b)(2)(A)." *Ramos Perez*, 2026 WL 2033144, at *2. Instead, § 1226(a) controls his detention and entitles him to a bond hearing. *Id.* (citing *Santillan Quiroz*, 180 F.4th at 1251 n.13); *see also Zhakhonov,* 2026 WL 1865418, at *3.

**B. Petitioner is entitled to a bond hearing under § 1226(a).**

Because Petitioner is detained under § 1226(a), the undersigned concludes a bond hearing is the appropriate remedy. *See, e.g., Santillan Quiroz*, 180 F.4th at 1247 (explaining that noncitizens subject to § 1226(a) are "eligible for bond").

"Unlike § 1225(b)(1), § 1226(a) contemplates individualized custody determinations and authorizes release on bond or conditional parole pending completion of removal proceedings." *Zhakhonov*, 2026 WL 1865418, at *3.

Here, the Government has not provided Petitioner with an individualized custody determination since his detention in June 2026. Doc. 1, at 6. *See, e.g., Zhakhonov*, 2026 WL 1865418, at *3 ("[T]he process afforded by § 1226(a) itself serves as the mechanism through which a detainee's liberty interest is protected."). Because this is "the very process Congress prescribed for detainees held pursuant to § 1226(a)," the Court should order Respondents to provide Petitioner with a bond hearing under § 1226(a). *Zhakhonov*, 2026 WL 1865418, at *3; *see also Navarrete v. Mullin*, No. CIV-26-224-SLP, 2026 WL 2323345, at *2 (W.D. Okla. Aug. 11, 2026) (finding the petitioner had a "protected liberty interest arising from her release on her own recognizance" and that the level of process owed to her was "for Respondents to provide [her] with a bond hearing pursuant to 8 U.S.C. § 1226"); *Todyrenchuk v. Warden of Diamondback Corr. Facility*, No. CIV-26-1243-J, 2026 WL 2186977, at *3 (W.D. Okla. July 29, 2026) ("[T]he Court concludes the proper remedy in this case is not immediate release, but an individualized bond hearing before an Immigration Judge exercising jurisdiction under § 1226(a).").

The Court should thus grant the petition in part and order Respondents to provide Petitioner with a bond hearing under § 1226(a) within ten days; if they fail to do so, they must release Petitioner.[5] *See, e.g., Santillan Quiroz*, 180

[5] Petitioner requests the Court place the burden on the Government at a bond hearing to prove he is not a danger to the community or flight risk by

F.4th at 1251 n.13 (directing district court to order the government to provide the petitioner a bond hearing within seven days "[b]ecause [the petitioner] can properly be subject to detention under § 1226(a)."); *see also Colin v. Holt*, No. CIV-25-1189-D, 2025 WL 3645176, at *6 (W.D. Okla. Dec. 16, 2025) ("Petitioner has not received a bond hearing and Respondents raise no objection challenging their obligations to provide bond hearings for noncitizens that are detained under 8 U.S.C. § 1226(a).").

## IV. Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the Court **grant Petitioner's habeas petition in part and order Respondents to provide Petitioner with an individualized bond hearing before a neutral Immigration Judge within ten days; if they fail to do so, they must release Petitioner.** The undersigned also recommends that the Court order Respondents to certify their compliance with the Court's order by filing a status report within ten business days of the Court's order, and to promptly

clear and convincing evidence. Doc. 1, at 5. But the Court has previously declined to order burden shifting. *See, e.g.*, *Zhang v. U.S. District Court*, No. CIV-26-1022-D, 2026 WL 2323190, at *1 (W.D. Okla. Aug. 11, 2026) ("[T]he Court declines to place the burden on the Government to justify Petitioner's detention pending removal proceedings, at this time."); *Rangel v. Mullin*, No. CIV-26-568-D, 2026 WL 1625653, at *2 n.2 (W.D. Okla. June 5, 2026) ("At this time, the Court declines to place the burden on the government to justify Petitioner's detention pending removal proceedings."). So the undersigned does not recommend it in this case.

provide a copy of this order to counsel for the Warden of the Diamondback Correctional Facility.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court by October 12, 2026, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72.[6] The undersigned further advises the parties that failure to make timely objections to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 2nd day of October, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE

---

[6] Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to this Report and Recommendation. *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker,* 484 F. App'x 227, 231 & n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance–particularly where strict application would undermine the habeas review process").